IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MILTON SANTIAGO-RODRIGUEZ<br>Plaintiff<br>vs<br>CESAR REY, in his official capacity as SECRETARY OF THE DEPARTMENT OF EDUCATION OF PUERTO RICO; MILAGROS HERNANDEZ, in her official and personal capacity; EVELYN DEL-VALLE-RIVERA, in her personal and official capacity; and ABC INSURANCE CO.<br>Defendants | CIVIL 04-1793CCC |

## OPINION AND ORDER

This is a civil rights action filed by plaintiff Milton Santiago-Rodríguez, a public school teacher, who claims that a series of actions taken against him by school authorities were motivated by political discrimination and led to violations of his rights to free speech, freedom of association, due process and equal protection of the laws. Before the Court is the Motion for Summary Judgment filed by defendant Evelyn Del Valle (Del Valle) on February 23, 2005 (**docket entry 24**), which plaintiff opposed on April 11, 2005 (**docket entry 31**).

The essential facts are, for the most part, undisputed. Plaintiff started working with the Commonwealth's Department of Education (DOE) in 1991, and was appointed as Spanish teacher at the Gilberto Concepción de Gracia school during the mid 90's. Defendant Del-Valle started working with the DOE in 1980 and was appointed Director of the Gilberto Concepción de Gracia school in 2002.

It appears that on September 11, 2002, a memorial activity organized by defendant Del-Valle took place at the school on the first anniversary of the terrorist attacks in New York and Washington, D.C. Although plaintiff attended the activity, he left shortly after it commenced because, as he later explained, he understood he could not be there due to the political character the activity was assuming (see Attachment to Plaintiff's Motion in Compliance With Order (**docket entry 41**), p. 35 of his deposition taken on December 29, 2004), as he did

CIVIL 04-1793CCC                                      2

not share the views of the politicians who were in attendance.  See Plaintiff's deposition, Exhibit A to Plaintiff's Statement of Contested Facts in Support to Opposition to Defendant's Motion for Summary Judgment (docket entry 33), at p. 40.  Present at the activity were one legislator affiliated to the New Progressive Party (NPP) which advocates statehood, and a representative of a senator elected by the Popular Democratic Party (PDP) which supports maintaining Puerto Rico's status as a self-autonomous U.S. commonwealth.  Plaintiff is an "independentista."[1]  Plaintiff also considered that the activity had political overtones because a teacher and some of the students were wearing t-shirts with the American flag.  See Plaintiff's deposition, Exhibit A to Plaintiff's Statement of Contested Facts in Support to Opposition to Defendant's Motion for Summary Judgment (docket entry 33), at p. 28.  Later that same morning, Del-Valle verbally questioned plaintiff about his absence from the activity.  She also wrote him a letter on September 13, 2002 reiterating that her instructions were for all teachers to attend the activity with their group of students and urged him to follow her directions in the future.

The record shows that on August 21, 2002, less than a month before the memorial activity, Del-Valle had sent a letter to a DOE official in which she requested that Santiago be mentally evaluated based on several alleged incidents of verbal aggression at the school.  Almost a year later, on August 5, 2003, the former Secretary of the DOE and also a former defendant, César Rey,[2] sent a letter to plaintiff informing him of a temporary suspension from his teaching position and requiring him to submit to a psychiatric evaluation.  During this

---

[1] Said term is generally used in Puerto Rico to refer to the members of the island's independence movement.  See Moreno-Morales v. United States, 334 F.3d 140, 143 (1st Cir. 2003).

[2] The official-capacity claims as to Rey and another defendant, Milagros Hernández (Hernández), who was the Regional Director for the San Juan Section of the DOE, were dismissed on January 26, 2005 (docket entry 22).  Rey was only sued in his official capacity.  The individual-capacity claims against Hernández were dismissed on June 8, 2005 (docket entry 38).  Thus, Del-Valle is the only remaining defendant.

CIVIL 04-1793CCC                                          3

temporary suspension, plaintiff continued to receive his salary. Plaintiff attended the evaluation on August 11, 2003 and since the doctor certified that he was fit to return to work, on September 17, 2003 Rey ordered the reinstatement to his teaching position.

Plaintiff also alleged in the complaint, although no evidence has been submitted at the summary judgment stage, that on two separate instances defendant Del-Valle filed criminal charges against him which were later dismissed. In similar fashion, he alleged, but failed to present evidence, that on March 30, 2004 Del-Valle sent him a disciplinary memo for an undescribed infraction which was also allegedly committed by the rest of the faculty without any consequences.

Plaintiff claims that all of the above described acts--the filing of criminal charges against him, his referral for a mental evaluation and suspension from his job, and the disciplinary memo--resulted from Del-Valle's discrimination based on his political beliefs, which ensued after the September 2002 remembrance activity. Plaintiff has averred that, while he is an "independentista," he is not affiliated to any political party and does not discuss his political ideas within the work environment. See Plaintiff's deposition, Exhibit 1 to defendant's Motion for Summary Judgment (docket entry 24), at p. 50; plaintiff's deposition, Exhibit 10 to defendant's Motion for Summary Judgment (docket entry 24), at p. 22-23. He does not participate in political activities, nor has he ever told defendant Del-Valle about his political ideals or affiliation. Plaintiff's deposition, Exhibit 10 to defendant's Motion for Summary Judgment (docket entry 24), at p. 25. While plaintiff believes Del-Valle is a member of the pro-statehood New Progressive Party (NPP), he is not sure because she nor anyone else in the school has ever told him her political beliefs and he has never seen her discussing or promoting her political ideals in the school. See Plaintiff's deposition, Exhibit 10 to defendant's Motion for Summary Judgment (**docket entry 24**), at pp. 28-29. Del-Valle, in turn, has stated that she does not know the political affiliation of plaintiff. She also affirms that she is not affiliated to any political party and does not promote her political ideals or talks about politics at the

CIVIL 04-1793CCC                                    4

school.  See Defendant's deposition, Exhibit 2 to defendant's Motion for Summary Judgment (docket entry 24), at pp. 60-62; defendant's Statement Under Penalty of Perjury, Exhibit 11 to defendant's Motion for Summary Judgment (docket entry 24).

Del-Valle has moved for summary judgment based on several grounds.  Salient among them is her contention that plaintiff has failed to state claims for political discrimination under the First Amendment or for the violation of his due process rights under the Fourteenth Amendment.  Plaintiff insists that he has.  We address each of the claims seriatim.

We start with the political discrimination claim.  It is hornbook law that the First Amendment protects "non-policymaking" public employees from adverse employment actions based on their political affiliation or opinion.  Rutan v. Republican Party of Ill., 497 U.S. 62, 74-76, 110 S.Ct. 2729 (1990).  To establish a prima facie case of political discrimination, plaintiffs must first show that party affiliation was a substantial or motivating factor behind an adverse employment action.  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568 (1977); Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46, 51 (1st Cir.2005).  The burden then shifts to the employer, under the "Mt. Healthy defense," to establish by a preponderance of the evidence that it would have taken the contested action regardless of the employee's political affiliation.  Mt. Healthy, 429 U.S. at 287, 97 S.Ct. 568.

As plaintiff himself admitted during his deposition, he has never discussed his political beliefs with defendant Del-Valle, has never told her his political affiliation, and does not know if anybody else has told her about his political beliefs.  He only speculates that it is possible that Del-Valle knew about his political beliefs because someone "must have told her or reported to her."  See Plaintiff's deposition, Exhibit B to Plaintiff's Statement of Contested Facts in Support to Opposition to Defendant's Motion for Summary Judgment (docket entry 33), at p. 25; Attachment to Plaintiff's Motion in Compliance With Order (docket entry 41), p. 26 of his deposition taken on January 27, 2005.  This is simply not enough to establish a prima facie case of political discrimination, as no political animus has been established.  See González De

CIVIL 04-1793CCC                                   5

Blasini v. Family Dept., 377 F.3d 81, 85-86 (1st Cir. 2004) (affirming dismissal of a plaintiff's political discrimination claim because plaintiff adduced no evidence that the defendants knew she was a member of the NPP).  Thus, the claim that Del-Valle discriminated against plaintiff because of his political beliefs cannot survive scrutiny.  See López-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000) (noting that speculative assertions regarding political discrimination are not enough to withstand a Rule 56 motion); Rivera-Cotto v. Rivera, 38 F.3d 611, 613-14 (1st Cir. 1994) (similar).

In any event, even if plaintiff would have been able to establish that defendant Del-Valle knew that he was an "independentista," that by itself would still be insufficient to establish a political discrimination claim.  After all, a showing of political animus requires more than "[m]erely juxtaposing a protected characteristic–someone else's politics–with the fact that plaintiff was treated unfairly."  Vázquez-Valentín v. Santiago-Díaz, 385 F.3d 23, 38 (1st Cir. 2004) (quoting Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 58 (1st Cir. 1990)).  But plaintiff has utterly failed to do more than that here, as he has failed to adduce specific facts indicating that his being an "independentista" was a factor in the alleged "unfair" actions taken by Del-Valle against him.  After all, Del-Valle requested that plaintiff be evaluated on August 21, 2002, before the September 11, 2002 remembrance activity which he claims served to trigger the discriminatory acts, and there is absolutely no evidence establishing a causal link between the other acts and his political credo.  His claim of political discrimination is simply vapid, and is hereby DISMISSED.

Plaintiff's claim under the Due Process Clause is equally deficient and also fails.  We note that this claim essentially revolves around his suspension and referral to a psychiatrist, and, that in his opposition to the motion for summary judgment, plaintiff has clarified that it is based on the infringement of liberty interests, not on the deprivation of any property right.  See Plaintiff's Memorandum of Law in Support to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (docket entry 32), at pp. 8-9.  In brief, plaintiff avers that as a result of his referral

CIVIL 04-1793CCC                                       6

to a psychiatrist he "had to disclose details of his private life, attend sessions and provide information to a psychiatrist, which he would have otherwise never done." Id., at p. 9. He also claims that due to the suspension he "was outside of his employment, deprived from his right to attend his job and perform his duties, separated from the children he educated and the enjoyment of his profession." Id.

The Due Process Clause of the Fourteenth Amendment provides that "[no] State [shall] deprive any person of life, liberty, or property, without due process of law...." U.S. Const. amend. XIV, §1. Thus, for due process to attach, there must be a cognizable liberty or property interest at stake. See Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893 (1976). Whether any liberty interests are implicated here, and whether they were infringed without adequate procedures in violation of the Due Process Clause, as plaintiff contends, the fact remains that the two allegedly unconstitutional actions--the suspension and the referral to a psychiatrist--were taken by former defendant Rey, not by Del-Valle. Indeed, the undisputed evidence on record shows that Del-Valle lacked the authority to take either of those measures, or to provide any concomitant due process guarantees that would be required by their implementation. While Del-Valle did request that plaintiff be evaluated (see Exhibit D to Plaintiff's Statement of Contested Facts in Support to Opposition to Defendant's Motion for Summary Judgment (docket entry 33)), she did not recommend, either of the two actions taken by Rey: suspension and referral to a psychiatrist. See defendant's deposition, Exhibit C to Plaintiff's Statement of Contested Facts in Support to Opposition to Defendant's Motion for Summary Judgment (docket entry 33), at pp. 146-153. It is well-established that a plaintiff may only bring a §1983 claim against those individuals personally responsible for the constitutional deprivation. "[O]nly those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005). As Del-Valle neither suspended Santiago nor referred him to the psychiatrist, she is not personally liable to him for any Due Process violations that Rey's actions

CIVIL 04-1793CCC                                    7

may have entailed.  Accordingly, plaintiff's claim under the Due Process Clause is also DISMISSED.

Before concluding, we pause for a brief observation.  While plaintiff also made sporadic references in his complaint to a separate claim under the Equal Protection Clause of the Fourteenth Amendment, see e.g. Complaint (docket entry 1), at ¶¶ 43, 47, the basis for such a claim was never clearly defined in the factual allegations of the initial pleading nor was it later developed at the summary judgment stage.  Indeed, plaintiff has made no effort to define his claim within the familiar equal protection framework:  he has not claimed membership in a protected class or demonstrated that other persons, similarly situated, were treated differently from him.  His inability to identify these doctrinal rudiments is fatal to any equal protection challenge.  See Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 7-10 (1st Cir.2001); Hennessy v. City of Melrose, 194 F.3d 237, 244 (1st Cir.1999); Gilbert v. City of Cambridge, 932 F.2d 51, 66 (1st Cir.1991).  Therefore, to the extent that any such claim was raised in the complaint, the same is DISMISSED.

In sum, plaintiff's claims for political discrimination under the First Amendment and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment are ORDERED DISMISSED, with prejudice.  As there are simply no federal causes of action left in this case, we refrain from entertaining any of the supplemental law claims also asserted by plaintiff in his complaint.  These claims are DISMISSED, without prejudice.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on August 29, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge